UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAMON A. HERRERA FERNANDEZ
and other similarly-situated individuals,

      Plaintiff(s),

v.

EMIL FRANC, INC.,
d/b/a CAFÉ RAGAZZI,
HECTOR EDUARDO REGLERO MONTANER,
a/k/a RICARDO MONTANER
and HECTOR REGLERO, individually

      Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff RAMON A. HERRERA FERNANDEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants EMIL FRANC, INC., d/b/a CAFE RAGAZZI, HECTOR EDUARDO REGLERO MONTANER, a/k/a RICARDO MONTANER and HECTOR REGLERO, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff RAMON A. HERRERA FERNANDEZ (hereinafter RAMON A. HERRERA) is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant EMIL FRANC, INC., d/b/a CAFE RAGAZZI (hereinafter CAFE RAGAZZI, or Defendant) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants HECTOR EDUARDO REGLERO MONTANER, a/k/a RICARDO MONTANER (hereinafter RICARDO MONTANER), and HECTOR REGLERO were and are now, the owners, partners, presidents and managers of Defendant Corporation CAFÉ RAGAZZI. These individual Defendants had financial and operational control of the business and are the employers of Plaintiff within the meaning of 29 U.S.C. § 203(d).

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff RAMON A. HERRERA to recover from Defendants unpaid regular wages, overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant EMIL FRANC, INC. operates CAFÉ RAGAZZI, an Italian restaurant located at 9500 Harding Avenue, Surfside, FL 33154, where Plaintiff worked.

8. Defendants CAFE RAGAZZI, RICARDO MONTANER and HECTOR REGLERO employed Plaintiff RAMON A. HERRERA as a non-exempt full-time restaurant employee from approximately June 15, 2014 to May 25, 2017, or 153 weeks.

9. Plaintiff had duties as busser, food runner, and cleaning employee. Plaintiff was an indirect tipped employee who was paid an hourly rate of $6.67, plus a portion of the tips received by the servers, that were shared with Plaintiff.

10. During his time of employment Plaintiff worked weeks of Five, Six and Seven days. Plaintiff always had a regular schedule and he worked from Monday to Friday or Saturdays from 4:00 PM to 11:30 PM (7.5 hours daily).  Every week Plaintiff worked one day a double shift from 11:00 AM to 11:30 PM (12.5 hours daily).

11. During low season, comprising the months of April, May, June, July August, September, October and November (8 months, or 32 weeks), Plaintiff worked 4 days of 7.5 hours and one day of 12.5 hours, for a total of 42.5 hours weekly. In low season, Plaintiff earned $6.67 an hour plus an average of $275.00 weekly in tips. Plaintiff did not take bona-fide lunch periods.

12. During high season, which comprises the months of December, January, February, and March, (4 months, or 16 weeks) of each year, Plaintiff worked 6 days per week a total of 50 hours per week. In high season, Plaintiff earned $6.67 an hour plus an average of $500.00 weekly in tips. Plaintiff did not take bona-fide lunch periods.

13. There was a period from December 15, 2016 to May 25, 2017, (23 weeks), in which Plaintiff 7 days per week. Plaintiff worked 6 days of 7.5 hours daily, and one day of 12.5 hours, for a total of 57.5 per week. Plaintiff did not take bona-fide lunch periods.

14. While employed by Defendants, Plaintiff always worked more than 40 hours every week. However, Defendants paid Plaintiff for 40 hours or less.  Defendants never paid Plaintiff for overtime hours.

15. Plaintiff clocked in and out, and he was paid weekly with checks accompanied by paystubs that showed 40 hours worked or less.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. In addition, during his employment with Defendants, Plaintiff was paid his wages in a very irregular fashion. Defendants paid Plaintiff, and other similarly situated employees, always late, and in partial payments. At the time of his termination, Plaintiff had accumulated 18 unpaid weeks.

18. Plaintiff complained many times, too numerous to count, about his missing payment checks, missing regular hours, and missing overtime payments. Plaintiff complained directly to the owners of the business, and to manager Manuela LNU, every time Defendants promised to catch up with the payments. However, Defendants never fixed the problem.

19. Plaintiff complained, the last time on or about May 25, 2017. In retaliation to Plaintiff's multiple complaints, individual Defendant RICARDO MONTANER, ordered the management to fire him.

20. In the present Complaint, Plaintiff includes one count of FLSA minimum wage violation for 18 unpaid weeks. Plaintiff is not in possession of time and payment records, and he will amend his Complaint to include any unpaid regular hours, when Defendant produce time and payment records.

21. Plaintiff RAMON A. HERRERA intends to recover any regular hour, any overtime hour, liquidated damages, retaliatory damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

23. Plaintiff RAMON A. HERRERA re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff RAMON A. HERRERA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2016, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant CAFE RAGAZZI was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as an Italian restaurant, serving mostly to the tourism industry, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities

of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and Plaintiff's work was directed to serve mostly tourists. Therefore, there is FLSA individual coverage.

27. Defendant CAFE RAGAZZI, employed Plaintiff RAMON A. HERRERA as a non-exempt full-time restaurant employee from approximately June 15, 2014 to May 25, 2017, or 153 weeks.

28. Plaintiff had duties as busser, food runner, and cleaning employee. Plaintiff was paid an hourly rate of $6.67, plus a portion of the tips received by the servers, that were shared with Plaintiff.

29. During his time of employment Plaintiff worked weeks of Five, Six and Seven days. Plaintiff always had a regular schedule and he worked from Monday to Friday or Saturdays from 4:00 PM to 11:30 PM (7.5 hours daily). Every week Plaintiff worked one day a double shift from 11:00 AM to 11:30 PM (12.5 hours daily). Plaintiff did not take bona-fide lunch periods.

30. During low season, comprising the months of April, May, June, July August, September, October and November (8 months, or 32 weeks), Plaintiff worked 4 days of 7.5 hours and one day of 12.5 hours, for a total of 42.5 hours weekly. In low season, Plaintiff earned $6.67 an hour plus an average of $275.00 weekly in tips.

31. During high season, which comprises the months of December, January, February, and March, (4 months, or 16 weeks) of each year, Plaintiff worked 6 days per week a total of 50 hours per week. In high season, Plaintiff earned $6.67 an hour plus an average of $500.00 weekly in tips.

32. There was a period from December 15, 2016 to May 25, 2017, (23 weeks), in which Plaintiff worked 7 days per week. Plaintiff worked 6 days of 7.5 hours daily, and one day of 12.5 hours, for a total of 57.5 per week.

33. While employed by Defendants, Plaintiff always worked more than 40 hours every week. However, Defendants paid Plaintiff for 40 hours or less. Defendants never paid Plaintiff for overtime hours.

34. Plaintiff clocked in and out, and he was paid weekly, with checks accompanied by paystubs that showed 40 hours or less.

35. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

37. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. Plaintiff will base his calculations considering 40 regular hours as paid. After discovery, Plaintiff will properly adjust his calculations.
\* Plaintiff began to work 7 days x week on December 15, 2016, for simplification purposes, Plaintiff is claiming 7 days of work beginning January 1, 2017

a. Total amount of alleged unpaid O/T wages:

Ten Thousand Six Hundred Eighty-Nine Dollars and 60/100 ($10,689.60)

b. Calculation of such wages:
Total weeks of employment: 153 weeks
Total relevant weeks of employment: 153 weeks
Minimum Wage: $7.25 x 1.5= $10.87 O/T rate

**1.- Overtime 2014**

i. Low season from June 15, 2014 to November 30, 2014= 24 weeks
Total hours worked: 42.5 hours weekly
Total overtime hours: 2.5 O/T hours weekly
Total unpaid O/T hours: 2.5 O/T hours
O/T rate: $10.88

O/T rate $10.88 x 2.5 O/T hours=$27.20 weekly x 24 weeks=$652.80

ii. High season from December 1, 2014 to December 30, 2014= 4 weeks
Total hours worked: 50 hours weekly
Total overtime hours: 10 O/T hours weekly
Total unpaid O/T hours: 10 O/T hours
O/T rate: $10.88

O/T rate $10.88 x 10 O/T hours= $108.80 weekly x 4 weeks = $435.20

**2.- Overtime 2015**

i. High season from January 1, 2015 to March 31, 2015= 13 weeks
Total hours worked: 50 hours weekly

Total overtime hours: 10 O/T hours weekly
Total unpaid O/T hours: 10 O/T hours
O/T rate: $10.88

O/T rate $10.88 x 10 O/T hours= $108.80 weekly x 13 weeks = $1,414.40

ii.    Low season from April 1, 2015 to November 30, 2015= 35 weeks
Total hours worked: 42.5 hours weekly
Total overtime hours: 2.5 O/T hours weekly
Total unpaid O/T hours: 2.5 O/T hours
O/T rate: $10.88

O/T rate $10.88 x 2.5 O/T hours=$27.20 weekly x 35 weeks=$952.00

iii.    High season from December 1, 2015 to December 30, 2015= 4 weeks
Total hours worked: 50 hours weekly
Total overtime hours: 10 O/T hours weekly
Total unpaid O/T hours: 10 O/T hours
O/T rate: $10.88

iv.    O/T rate $10.88 x 10 O/T hours= $108.80 weekly x 4 weeks = $435.20

### 3.- Overtime 2016

i.    High season from January 1, 2016 to March 31, 2016= 13 weeks
Total hours worked: 50 hours weekly
Total overtime hours: 10 O/T hours weekly
Total unpaid O/T hours: 10 O/T hours
O/T rate: $10.88

O/T rate $10.88 x 10 O/T hours= $108.80 weekly x 13 weeks = $1,414.40

ii.    Low season from April 1, 2016 to November 30, 2016= 35 weeks
Total hours worked: 42.5 hours weekly
Total overtime hours: 2.5 O/T hours weekly
Total unpaid O/T hours: 2.5 O/T hours
O/T rate: $10.88

O/T rate $10.88 x 2.5 O/T hours=$27.20 weekly x 35 weeks=$952.00

iii.    High season from December 1, 2016 to December 30, 2016= 4 weeks
Total hours worked: 50 hours weekly
Total overtime hours: 10 O/T hours weekly
Total unpaid O/T hours: 10 O/T hours
O/T rate: $10.88

    iv.    O/T rate $10.88 x 10 O/T hours= $108.80 weekly x 4 weeks = $435.20

**4.- Overtime 2017, from January 1, 2017 to May 25, 2017= 21 weeks**

Total hours worked: 57.5 hours weekly
Total overtime hours: 17.5 O/T hours weekly
Total unpaid O/T hours: 17.5 O/T hours
O/T rate: $10.88

O/T rate $10.88 x 17.5 O/T hours= $190.40 weekly x 21 weeks = $3,998.40

Total 1, 2, 3, and 4: $10,689.60

Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

39. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

40. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At the times mentioned, individual Defendants RICARDO MONTANER and HECTOR REGLERO were the owners/partners, and or managers of CAFE RAGAZZI. Defendants RICARDO MONTANER and HECTOR REGLERO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards

Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of CAFE RAGAZZI in relation to its employees, including Plaintiff and others similarly situated. Defendants RICARDO MONTANER and HECTOR REGLERO had absolute financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

42. Defendants CAFE RAGAZZI, RICARDO MONTANER and HECTOR REGLERO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RAMON A. HERRERA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RAMON A. HERRERA and other similarly-situated individuals and against the Defendants CAFE RAGAZZI, RICARDO MONTANER and HECTOR REGLERO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff RAMON A. HERRERA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff RAMON A. HERRERA demands trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

44. Plaintiff RAMON A. HERRERA re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

45. This action is brought by Plaintiff RAMON A. HERRERA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

46. Defendant CAFE RAGAZZI was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business

operating as an Italian restaurant, serving mostly to the tourism industry, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

47. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and Plaintiff's work was directed to serve mostly tourists. Therefore, there is FLSA individual coverage.

48. Defendant CAFE RAGAZZI, employed Plaintiff RAMON A. HERRERA as a non-exempt full-time restaurant employee from approximately June 15, 2014 to May 25, 2017, or 153 weeks.

49. Plaintiff had duties as busser, food runner, and cleaning employee. Plaintiff was an indirect tipped employee who was paid an hourly rate of $6.67, plus a portion of the tips received by the servers, that were shared with Plaintiff.

50. During his time of employment Plaintiff worked high season and low season periods. Plaintiff worked weeks of Five, Six and Seven days. Plaintiff always had a regular schedule and he worked from Monday to Friday or Saturdays from 4:00 PM to 11:30 PM (7.5 hours daily). Every week Plaintiff worked one day a double shift from 11:00 AM to 11:30 PM (12.5 hours daily). Plaintiff did not take bona-fide lunch periods.

51. Plaintiff's schedule resulted in weeks of 42.5, 50, and 57.5 working hours. Plaintiff always worked more than 40 hours per week.

52. Even though Plaintiff punched in and out, his paystubs mostly reflected less than 40 working hours per week and he was always paid for less than 40 hours. There is a substantial number of hours that were never paid to Plaintiff at any rate, not even the minimum wage rate.

53. Furthermore, Defendant failed to pay Plaintiff for 18 weeks (Eighteen). Plaintiff did not receive his hard-earned wages for 18 weeks. During those weeks, Plaintiff was not paid at any rate, not even the mandatory minimum wage rate.

54. Therefore, Defendant CAFE RAGAZZI failed to pay Plaintiff RAMON A. HERRERA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

55. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

56. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

57. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate. In this complaint Plaintiff is claiming only 18 weeks of 40 regular hours. Plaintiff is not in possession of time records to provide a fairly estimate of unpaid regular hours. After Defendant produce time records and paystubs, calculations will be modified accordingly.
*Florida minimum wage is $8.10,llk,, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Five Thousand Eight Hundred Thirty-Two Dollars and 00/100 ($5,832.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 153 weeks
Total relevant unpaid weeks: 18
Total hours worked: 40 hours per week
Florida Minimum Wage: $8.10

$8.10 x 40 regular hours = $324.00 weekly x 18 weeks=$5,832.00

<u>Nature of wages</u>:

This amount represents unpaid minimum wages at Florida Min. wage rate.

58. Defendant CAFE RAGAZZI unlawfully failed to pay minimum wages to Plaintiff. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

59. At the times mentioned, individual Defendants RICARDO MONTANER and HECTOR REGLERO were the owners/partners managers of CAFE RAGAZZI. Defendants RICARDO MONTANER and HECTOR REGLERO were the employers of Plaintiff and

others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of CAFE RAGAZZI in relation to its employees, including Plaintiff and others similarly situated. Defendants RICARDO MONTANER and HECTOR REGLERO had absolute financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

60. Defendants CAFE RAGAZZI, RICARDO MONTANER and HECTOR REGLERO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAMON A. HERRERA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants CAFE RAGAZZI, RICARDO MONTANER and HECTOR REGLERO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff RAMON A. HERRERA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

62. Plaintiff RAMON A. HERRERA re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

63. Defendant CAFE RAGAZZI was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as an Italian restaurant, serving mostly to the tourism industry, and is engaged in interstate commerce.  Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

64. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and

Plaintiff's work was directed to serve mostly tourists. Therefore, there is FLSA individual coverage.

65. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

66. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

67. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, ......"

68. Defendants CAFE RAGAZZI, RICARDO MONTANER and HECTOR REGLERO employed Plaintiff RAMON A. HERRERA as a non-exempt full-time restaurant employee from approximately June 15, 2014 to May 25, 2017, or 153 weeks.

69. Plaintiff had duties as busser, food runner, and cleaning employee. Plaintiff was paid an hourly rate of $6.67, plus a portion of the tips received by the servers, that were shared with Plaintiff.

70. During his time of employment Plaintiff worked weeks of Five, Six and Seven days.

71. Plaintiff had a regular schedule and he always worked more than 40 hours per week. However, Plaintiff was paid for less than 40 regular hours, and he was not paid for overtime hours.

72. Plaintiff clocked in and out, and he was paid weekly, with checks accompanied by paystubs that disclosed 40 hours or less.

73. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

74. In addition, during his employment with Defendants, Plaintiff was paid his wages in a very irregular fashion. Defendants paid Plaintiff, and other similarly situated employees, always late, and they did partial payments. At the time of his termination, Plaintiff had accumulated 18 unpaid working weeks.

75. Plaintiff complained many times, too numerous to count, about his missing payment checks, missing regular hours, and missing overtime payments. Plaintiff complained directly to the owners of the business, and to manager Manuela LNU, every time Defendants promised to catch up with the payments. However, Defendants never fixed the problem.

76. These complaints constituted protected activity under the Fair Labor Standards Act.

77. Plaintiff complained, the last time on or about May 25, 2017. In retaliation to Plaintiff's multiple complaints, individual Defendant RICARDO MONTANER, ordered the management to fire him.

78. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

79. Plaintiff was fired the same day he complained about unpaid regular and overtime wages on or about May 25, 2017. Consequently, there is closed proximity between Plaintiff's last protected activity, and his termination.

80. At the times mentioned, individual Defendants RICARDO MONTANER and HECTOR REGLERO were the owners/partners, and/or managers of CAFE RAGAZZI. Defendants RICARDO MONTANER and HECTOR REGLERO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of CAFE RAGAZZI in relation to its employees, including Plaintiff and others similarly situated. Defendants RICARDO MONTANER and HECTOR REGLERO had absolute financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

81. Defendants CAFE RAGAZZI, RICARDO MONTANER and HECTOR REGLERO willfully and intentionally refused to pay Plaintiff regular and overtime wages as required by the laws of the United States as set forth above, and then retaliated against Plaintiff by firing him.

82. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged, but for his complaints for overtime wages.

83. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

84. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RAMON A. HERRERA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants CAFE RAGAZZI, and HECTOR ANTUNEZ Plaintiff RAMON A. HERRERA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff RAMON A. HERRERA further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff RAMON A. HERRERA demands trial by jury of all issues triable as of right by jury.

Dated:  June 13, 2017                                                                                ,

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*